IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEYED MOOSAVI, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-02356-L (BT) |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

### **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Seyed Moosavi filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, and the District Court referred the matter to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be denied.

I.

In 1982, Petitioner was convicted of murder and was sentenced to 99 years in prison. *State of Texas v. Moosavi*, No. F82-76758-V (292nd Jud. Dist. Ct., Dallas County, Tex., Sept. 10, 1982). In this action, Petitioner does not challenge his conviction. Instead, he argues Respondent violated his constitutional rights when she denied Petitioner access to rehabilitative programs. Petitioner also claims he was wrongfully denied parole due Respondent's failure to grant him access to rehabilitative programs.

Petitioner filed a state habeas petition raising his parole and rehabilitation program claims. *Ex parte Moosavi*, No. 88,643-01. On August 8, 2018, the Court

1

of Criminal Appeals denied the petition without written order. On August 30, 2018, Petitioner filed this § 2254 petition.

II.

**1.   Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 provide:

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

### 2. Parole and Rehabilitation

Petitioner argues he has a constitutional right to release to parole. Under Texas law, however, a prisoner does not have a liberty interest in parole or a constitutional expectancy of early release to parole. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (no liberty interest in parole in Texas); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (no right to be released on parole in Texas). Petitioner therefore fails to raise a constitutional violation regarding his parole claims.

Petitioner also claims he has a constitutional right to participate in TDCJ rehabilitation programs. Prisoners, however, generally have no constitutionally-protected property or liberty interest in participating in rehabilitation programs. *Moody v. Doggett*, 429 U.S. 78, 88 n.9 (1976); *Bulger v. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995).

Petitioner claims that mandatory language in TDCJ's Rehabilitation Tier Tracking and Placement Program created a constitutional right to participate in a rehabilitation program. The Rehabilitation Tier Tracking and Placement Program, however, is only available once the Board of Pardons and Parole (Board) determines that the totality of the circumstances favors the offender's release to parole. *See* Tex. Admin. Code § 145.12(4). Here, the Board did not determine that the totality of the circumstances favored Petitioner's release to parole. Instead, the

3

Board denied Petitioner release to parole finding Petitioner posed a continuing threat to public safety because his offense involved "brutality, assaultive behavior, or conscious selection of [the] victim's vulnerability." (ECF No. 11-3 at 47.) Further, even if Petitioner had been eligible for the Rehabilitation and Tier Tracking Placement Program, this program does not create a constitutional right to enrollment. *See Yarborough v. Loftis*, 2018 WL 387910 (E.D. Tex. Jan. 12, 2018); *Elwan v. Davis*, 2019 WL 1473123 (S.D. Tex. Feb. 18, 2019), *rec. adopted*, 2019 WL 1469292 (Apr. 3, 2019). Petitioner's claim should therefore be denied.

### 3.     **Enrollment in Programs**

Petitioner seeks an order that he be immediately enrolled in TDCJ's Rehabilitation Tier Tracking and Placement Program. This request for relief is not cognizable under § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same). If this Court ordered TDCJ to enroll Petitioner in rehabilitative programs, this relief would not entitle Petitioner to earlier release from custody. His claim is therefore improperly brought in this § 2254 petition and should be denied.

4.  **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally-protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly-established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

III.

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed November 13, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).